1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEVONTE B. HARRIS,                    Case No. 1:21-cv-00818-ADA-CDB (PC)

12              Plaintiff,                 **ORDER GRANTING DEFENDANTS'**
                                           **MOTION TO STAY CASE AND TO**
13        v.                               **MODIFY DISCOVERY AND**
                                           **SCHEDULING ORDER**
14   D. ARDEN, et al.,
                                           (Doc. 32)
15              Defendants.

16

17          Plaintiff Devonte B. Harris is a state prisoner proceeding pro se in this civil rights action.

18   This matter proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants

19   Arden, Gamboa, Garcia, Pasillas and Perez, and First Amendment retaliation claims against

20   Defendants Arden, Gamboa, Garcia and Pasillas.

21          **I.      INTRODUCTION**

22          On August 21, 2023, the Court issued its Discovery and Scheduling Order in this matter.

23   (Doc. 28.)  On January 8, 2024, Defendants filed a motion to stay these proceedings. (Doc. 32.)

24   The motion is supported by the Declaration of Andrea R. Sloan (*id*. at 8-9) and two exhibits filed

25   in a Kings County Superior Court criminal proceeding (*id*. at 10-17 [Exhibit A: Complaint filed

26   8/11/2020 & Exhibit B: Information filed 7/14/2022]). The Court finds a response by Plaintiff to

27   be unnecessary.

28   //

1

**II.      DISCUSSION**

2       Defendants seek a stay of this action pending resolution of criminal proceedings against

3   Plaintiff now pending in the Kings County Superior Court, case number 20cm-4017. (Doc. 32 at

4   1, 3.)

5       In this civil action, Plaintiff has alleged excessive force claims against Defendants Arden,

6   Gamboa, Garcia, Pasillas and Perez, stemming from an incident that occurred on June 14, 2019.

7   (*See* Docs. 14 & 15.) As a result of the same incident, Plaintiff is facing felony criminal charges

8   of battery on a peace officer (Defendant Arden) and three counts of resisting an officer by means

9   of force or threat (Defendants Arden, Garcia and Gamboa). (Doc. 32 at 4-5, 8, 15-16.) Defendants

10  advise Plaintiff's motion for mental health diversion and mental health evaluation will be heard

11  on January 24, 2024, in the state court action. (*Id*. at 5.) Defendants contend an extended stay of

12  this action is appropriate pending resolution of the state court criminal matter. (*Id*.) Additionally,

13  Defendants assert they are unable to properly assess their defenses, including the potential

14  applicability of a *Heck*[1] bar, until the criminal proceeding is resolved. (*Id*.) Defendants

15  additionally seek a stay of the previously issued Discovery and Scheduling Order. (*Id*.)

16                    **The Motion To Stay the Case**

17                    *Applicable Legal Standards*

18      The district court "has broad discretion to stay proceedings as an incident to its power to

19  control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North*

20  *American Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay

21  bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v.*

22  *Holder*, 556 U.S. 418, 433–34 (2009). "Generally, stays should not be indefinite in nature."

23  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007).

24  If a stay is especially long or its term is indefinite, a greater showing is required to justify it.

25  *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The Court should "balance the length of any

26  stay against the strength of the justification given for it." *Id*.

27

28

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

2

1    "The Constitution does not ordinarily require a stay of civil proceedings pending the

2    outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th

3    Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved,

4    [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our

5    jurisprudence." *Id*. "Nevertheless, a court may decide in its discretion to stay civil proceedings ...

6    'when the interests of justice seem[] to require such action.'" *Id*. (citations omitted).

7                                              *Analysis*

8         When a civil plaintiff brings claims under section 1983 that are "related to rulings that

9    will likely be made in a pending or anticipated criminal trial," it is "common practice" for the

10   court "to stay the civil action until the criminal case or the likelihood of a criminal case is

11   ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *see Fed. Saving & Loan Ins. Corp. v.*

12   *Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) ("A court must decide whether to stay civil

13   proceedings in the face of parallel criminal proceedings in light of the particular circumstances

14   and competing interests involved in the case.").

15        When determining whether a stay is appropriate, courts look to whether the criminal

16   defendant's Fifth Amendment rights may be implicated by the civil proceedings. *Keating*, 45

17   F.3d at 324 (citing *Molinaro*, 889 F.2d at 902). Courts also consider (1) the interest of the

18   plaintiff in proceeding with the litigation and the potential prejudice to the plaintiff of a delay;

19   (2) the convenience of the court and the efficient use of judicial resources; (3) the interests of

20   third parties; and (4) the interests of the public. *Keating*, 45 F.3d at 324-25.

21        Here, the civil rights action implicates Plaintiff's Fifth Amendment rights. The facts and

22   circumstances underlying Plaintiff's criminal prosecution for felony battery by a prisoner on a

23   non-prisoner involving Defendant Arden, and three felony counts of resisting an officer by

24   means of force or threat as to Defendants Arden, Garcia and Gamboa, substantially overlap with

25   the excessive force claims at issue in this case. Both cases involve the June 14, 2019 incident

26   between Plaintiff and the Defendants and will likely involve substantially the same parties and

27   witnesses. Thus, if this case proceeds, Defendants will seek discovery from Plaintiff, and he will

28   be required to respond under oath. The discovery will involve Plaintiff's alleged misconduct on

1    June 14, 2019. Thus, there exists a substantial risk of prejudice to Plaintiff's Fifth Amendment

2    rights. Furthermore, if Plaintiff invokes his Fifth Amendment rights it may impede Defendants'

3    discovery. *Jones v. Conte*, No. C045312S1, 2005 WL 1287017, at *1 (N.D. Apr. 19, 2005)

4    (finding that a stay of the civil case involving defendant in criminal action was appropriate

5    "because [i]f discovery moves forward, [the] defendant will be faced with the difficult choice

6    between asserting [his] right against self-incrimination, thereby inviting prejudice in the civil

7    case, or waiving those rights, thereby courting liability in the civil case") (internal quotations &

8    citation omitted).

9          Likewise, the other *Keating* factors also support a stay. Any prejudice to Plaintiff is

10   minimal given that both proceedings involve the similar facts and witnesses, and it is unlikely

11   that evidence will be lost, or memories will fade with passage of time. *McCormick v. Rexroth*,

12   No. C 09-4188 JT, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2010). In addition, the public

13   interest weighs in favor of a stay because "[t]he public has an interest in 'ensuring that the

14   criminal process is not subverted' by ongoing civil cases." *Douglas v. United States*, No. C 03-

15   4518, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006).

16         Furthermore, if a stay is not granted, the defenses available may be limited. If the court in

17   the state court criminal action considers Plaintiff's factual allegations regarding the June 14, 2019

18   incident, such findings may be binding in this Court. Until resolution of the criminal

19   proceedings, it is unclear whether certain defenses are available, such as a *Heck* bar or issue

20   preclusion. *See Wallace*, 549 U.S. at 393–94 (noting that the question of whether a section 1983

21   action is barred by *Heck* is more difficult to answer where the plaintiff is facing charges of

22   resisting arrest or similar conduct arising from the same incident, and staying the action until the

23   underlying criminal proceedings are concluded may be appropriate) (citation omitted); *see also*

24   *Vivas v. Cty. of Riverside*, No. EDCV 15-1912-VAP (DTBx), 2016 WL 9001020, at *3 (C.D.

25   Cal. Jan. 12, 2016) (staying excessive force case where criminal prosecution for resisting arrest

26   was pending).

27         Judicial efficiency also favors imposition of a stay because Plaintiff's criminal action

28   involves many of the same facts. Accordingly, the Court will stay this action until Plaintiff's

4

1    criminal charges have been resolved.

2

**The Motion to Modify the Discovery and Scheduling Order & Request for**

3    **Leave *Nunc Pro Tunc* to File Exhaustion Motion Once Stay is Lifted**

4         Defendants request they be granted leave to file an exhaustion motion – a deadline

5    originally set for December 21, 2023 – *nunc pro tunc* once a stay of these proceedings is lifted.

6    (Doc. 32 at 5-6.) Present defense counsel[2] Sloan was assigned to this matter on the same date as

7    the deadline for the filing of an exhaustion motion. (*Id*. at 8, ¶ 2; *see also* Doc. 31 [Notice of

8    Change in Designation of Counsel filed 12/21/23].) Counsel declares that she began assessing the

9    case shortly thereafter and concluded Plaintiff has failed to exhaust his claims against Defendant

10   Pasillas, as well as his claim that Defendants retaliated against him by submitting a false rules

11   violation report arising from the June 14, 2019 incident. (*Id*. at 8, ¶¶ 6-7.) Defendants contend

12   granting their request will "streamline the case and elimination issues for trial, saving the Court

13   and all parties time and expense." (*Id*. at 6.) Defendants assert Plaintiff will not be prejudiced by

14   their request as it is made just weeks after the December 21, 2023 deadline. (*Id*.)

15        Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and

16   with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily

17   considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations,*

18   *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot

19   reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was

20   not diligent, the inquiry should end. *Id*.

21        Here, the deadline for the filing of an exhaustion motion expired the same day Deputy

22   Attorney General Sloan was assigned to this case. Further, defense counsel's assessment of the

23   record in this action and conclusion purporting to find Plaintiff has failed to exhaust his

24   administrative remedies as to some of the claims asserted was timely performed. Thus, defense

25   counsel acted diligently, and the relevant deadline cannot otherwise be met despite that diligence.

26   *Johnson*, 975 F.2d at 609; *see, e.g*., *Huckabee v. Medical Staff at CSATF*, No. 1:09-cv-00749-

27   DAD-BAM (PC), 2017 WL 6855473, at *1-2 (E.D. Cal. Nov. 16, 2017) (granting defendants'

28

---

[2] Deputy Attorney General Michael J. Yun was previously assigned in this matter.

5

1    motion to modify the discovery and scheduling order *nunc pro tunc*). Further, the Court agrees

2    that permitting Defendants leave to file an exhaustion motion promotes judicial efficiency and

3    will not unduly prejudice Plaintiff.[3]

4          The Court notes Defendants are obligated to respond to Plaintiff's request for production

5    of documents by February 2, 2024. (*See* Doc. 32 at 6 & 8, ¶ 8.) Defendants request their

6    "deadline to respond to Plaintiff's discovery until resolution of the related criminal case … be

7    extended to 45-days after the lift of the stay." (*Id*. at 6.) In this instance, the Court will vacate the

8    Discovery and Scheduling Order issued August 21, 2023 and will reissue the discovery order

9    once the stay of the action pending the outcome of the criminal proceedings is lifted. The Court

10   will assign a new deadline for Defendants' response to Plaintiff's outstanding discovery request at

11   that time.

12        **III.    CONCLUSION AND ORDER**

13        For the reasons given above, **IT IS HEREBY ORDERED** that:

14        1.  Defendants' motion to stay this action (Doc. 32) is **GRANTED**;

15        2.  The action is **STAYED** pending resolution of Plaintiff's criminal case;

16        3.  Defendants **SHALL** file a status report on **February 15, 2024**, addressing the status

17            of the criminal proceedings, and every sixty (60) days thereafter, until those

18            proceedings are resolved; and

19        4.  The Discovery and Scheduling Order issued August 21, 2023 (Doc. 28) is

20            **VACATED**. The Court will reissue a discovery and scheduling order once the stay of

21            this action has been lifted following resolution of the criminal proceedings now

22            pending in the Kings County Superior Court.

23   IT IS SO ORDERED.

24   Dated:   **January 10, 2024**                           _____

25                                                           UNITED STATES MAGISTRATE JUDGE

26

27

28

---

[3] 18 days elapsed between the original deadline and the instant motion.

6