UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>D. ARDEN, et al.,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-00818-KES-CDB (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>Doc. 36 |

Plaintiff Devonte B. Harris ("Harris" or "plaintiff") is a state prisoner proceeding pro se in this civil rights action. This matter proceeds on Harris's Eighth Amendment excessive force claims against defendants Arden, Gamboa, Garcia, Pasillas and Perez, and First Amendment retaliation claims against defendants Arden, Gamboa, Garcia and Pasillas.

**I.     RELEVANT BACKGROUND**

The Court issued its Discovery and Scheduling Order on August 21, 2023. Doc. 28. On January 8, 2024, defendants filed a motion to stay these proceedings pending resolution of criminal proceedings in Kings County Superior Court. Doc. 32. The assigned magistrate judge issued an Order Granting Defendants' Motion to Stay Case and to Modify Discovery and Scheduling Order on January 10, 2024. Doc. 33. Defendants were directed to file a status report on February 15, 2024, and every sixty days thereafter, addressing the status of the criminal proceedings until resolution. *Id.* at 6. Further, the discovery deadlines were vacated and were to

be reset once the stay of this action was lifted following resolution of the Kings County Superior Court criminal proceedings.  *Id*.

On February 8, 2024, defendants filed a status report indicating Harris was granted mental health diversion in January 2024 and a hearing was to be held on February 20, 2024, to review Harris's treatment plan.  Doc. 34.

On April 2, 2024, Harris filed a document titled "Plaintiff's Motion for Reconsideration and Lift of Stay of Proceedings."  Doc. 36.

In a second status report filed April 15, 2024, defendants advised the Court that Harris's mental health treatment plan had been approved in the state criminal proceeding and that a performance review was to be held on September 4, 2024.  Doc. 37.  Defendants further indicated that should Harris fail to comply with his treatment plan, criminal prosecution would resume.  *Id*. at 2.  Defendants asserted the stay of these proceedings should remain in effect and requested leave to file their next status report on September 15, 2024.  *Id*.

On April 19, 2024, the assigned magistrate judge issued an Order Regarding Defendants' Status Report of April 15, 2024.  Doc. 38.  Defendants were directed to file their next status report no later than September 15, 2024.  *Id*. at 2.  Defendants were further directed to file a status report within five days in the event any additional hearing or proceeding was set in the criminal proceeding prior to the scheduled performance review.  *Id*.

On April 24, 2024, defendants filed their opposition to Harris's motion for reconsideration.  Doc. 39.  On May 8, 2024, Harris filed his reply to the opposition.  Doc. 40.

**II.    DISCUSSION**

    **A.    <u>Summary of the Parties' Positions</u>**

Harris seeks reconsideration of the magistrate judge's order staying this action pending the resolution of criminal proceedings.  Doc. 36.  He contends the order involves "a clearly erroneous determination of facts and a failure to apply controlling [precedent]."  *Id*. at 2.  Harris states he "waived his Fifth Amendment rights related to his parallel criminal proceedings when he filed his grievance [and] and participated in a videotaped excessive force interview."  *Id*.  Harris also declares he will not assert his Fifth Amendment rights in this proceeding, stating were he to

1  commit "perjury, dismissal of his lawsuit with prejudice would be warranted." *Id*. at 3. Harris
2  argues the implication of Fifth Amendment rights against incrimination "does not compel a stay"
3  and further argues a "fair consideration of this factor overwhelmingly supports lifting the stay" of
4  these proceedings. *Id*. at 4-5. He contends the magistrate judge "misapplied controlling
5  precedent in concluding prejudice to Plaintiff will be minimal since both proceedings involve
6  similar facts and witnesses, and it is unlikely memories will fade with passage of time." *Id*. at 5.
7  Plaintiff states that "[i]f he completes his diversion program there will be no trial whatsoever" and
8  argues "this factor overwhelmingly supports lifting the stay." *Id* at 6. He maintains the
9  magistrate judge erred by finding public interest favored a stay, *id*. at 6-7, contends that judicial
10  efficiency does not favor a stay, *id*. at 8, and that issue preclusion does not favor a stay, *id*. at 8-9.
11  Finally, Harris argues the magistrate judge's finding that *Heck v. Humphrey*, 512 U.S. 477 (1994)
12  could bar his complaint "is untenable." *Id*. at 9-12.
13         Defendants oppose Harris's motion for reconsideration. They argue the motion is
14  untimely and that plaintiff fails to establish the magistrate judge's order is clearly erroneous or
15  contrary to law. Doc. 39. More specifically, defendants contend Harris's Fifth Amendment
16  rights were but one factor considered by the magistrate judge, *id*. at 3-4; that in the absence of a
17  ruling in the state criminal proceeding it is premature to determine whether *Heck* applies here, *id*.
18  at 4-5; that most courts in this jurisdiction stay civil proceedings pending resolution of related
19  criminal proceedings, *id*. at 5-6; and finally, that Harris's motion is untimely, *id*. at 6.
20         In his reply to defendants' opposition, Harris contends that the magistrate judge "failed to
21  exercise the principles of fundamental fairness" when he granted defendants' motion in the
22  absence of plaintiff having an opportunity to file an opposition to the motion. Doc. 40 at 2-3. He
23  argues that the untimeliness of his motion for reconsideration is excused because "there was no
24  District Judge assigned to this case for Plaintiff to seek redress," *id*., and that this case is
25  "factually distinct" from *McCormick v. Rexroth* because a trial is not scheduled to occur within
26  weeks, *id.* at 4. Finally, he contends the stay of this action prejudices him and that lifting the stay
27  will not prejudice defendants, *id*. at 3-10, and that judicial economy warrants lifting the stay, *id*. at
28  10-11.

## II.     APPLICABLE LEGAL STANDARDS

District court review of magistrate judge orders on non-dispositive motions is limited.  A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P 72(a); L.R. 303(f).  "A magistrate judge's legal conclusions are reviewable *de novo* to determine whether they are 'contrary to law' and findings of fact are subject to the 'clearly erroneous' standard." *Meeks v. Nunez*, No. 13cv973-GPC(BGS), 2016 WL 2586681, *2 (S.D. Cal. May 4, 2016) (citing *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. Mar. 22, 2010)).  "The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions . . . ." *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. May 25, 1999) (citations omitted). "Under this standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Id*. (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd*., 126 F.3d 926, 943 (7th Cir. 1997)).

"The 'contrary to law' standard allows independent, plenary review of purely legal determinations by the Magistrate Judge." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110 (E.D. Cal. Jan. 24, 2011) (citing *FDIC v. Fidelity & Deposit Co. of Md*., 196 F.R.D. 375, 378 (S.D. Cal. May 1, 2000)); *see also Computer Econ, Inc.*., 50 F. Supp. 2d at 983.  A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin*, 767 F. Supp. 2d at 1110-11 (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. Oct. 17, 2006).

## III.    ANALYSIS

Initially, the Court notes a motion to stay is a non-dispositive motion because it does not dispose of any claims or defenses or otherwise deny ultimate relief. *S.E.C. v. CMKM Diamonds, Inc*., 729 F.3d 1248, 1260 (9th Cir. 2013); *see also, e.g.*, *Correa v. Braudrick*, No. 1:19-cv-00369-ADA-CDB (PC), 2022 WL 14122776, at *1 (E.D. Cal. Oct. 22, 2022) ("[M]otions to stay, and the like are non-dispositive motions that Magistrate Judges handle in the first instance.").

### A. **Plaintiff's Motion Is Untimely**

Rule 72 provides, in relevant part, as follows:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P 72(a). Additionally, this Court's Local Rule 303(b) states: "Rulings by Magistrate Judges pursuant to this Rule shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of service of the ruling on the parties, unless a different time is prescribed by the Magistrate Judge or the Judge."

Here, the assigned magistrate judge issued his ruling on January 10, 2024, whereas plaintiff's motion for reconsideration was signed and dated March 27, 2024. Harris's motion is untimely by about two months. On this basis alone, the motion may be denied. *Correa*, 2022 WL 14122776, at *2 ("Because [Correa's] objections are untimely, this Court is not required to consider them.").

To the extent Harris argues in his reply that his untimely motion should be excused because during the relevant period there was no district judge assigned to this action, Doc. 40 at 2, the argument is not well taken. As the Order of Temporary Reassignment to No District Court Judge (NODJ), issued December 4, 2023, stated, "[c]ontact information for the NODJ chambers and courtroom deputy" was available on the Court's website. Doc. 30. Further, consulting the website reveals the Court adopted an Interim Emergency Plan for managing the Fresno caseload pending the appointment of a new district judge.[1] That plan provided for the handling of motions and case management matters by Chief Judge Kimberly J. Mueller; it did not suspend deadlines for the filing of any motion following District Judge Ana de Alba's elevation to the Ninth Circuit Court of Appeals. Thus, the fact this action was assigned to the NODJ docket at the time did not leave Harris without redress.

---

[1] *See* https://www.caed.uscourts.gov/caednew/assets/File/CAED%20Interim%20Plan%20Fresno%20Final.pdf.

### B. The Order Is Neither Clearly Erroneous Nor Contrary to Law

Setting aside the untimeliness of Harris's motion, a review of the magistrate judge's order reveals it is neither clearly erroneous nor contrary to law.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (surveying non-exclusive factors courts weigh when issuing a docket management stay).

Here, the Court is not left with a definite and firm conviction that a mistake has been committed. *Computer Econ., Inc.*, 50 F. Supp. 2d at 983. A review of the record reveals the assigned magistrate judge exercised his judgment and considered the competing interests of the parties when granting the stay. In the order, the magistrate judge considered the substantial risk to Harris's Fifth Amendment rights against self-incrimination given the parallel criminal proceedings involved allegations of battery on a peace officer and resisting an officer by means of force or threat. Doc. 33 at 3. The magistrate judge also considered the defendants' ability to assess and assert available defenses, in particular any defense available pursuant to *Heck v. Humphrey*. *Id.* Last, the magistrate judge addressed the factors enumerated in *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995). *Id.* at 3-4; *see, e.g.*, *Gonzalez v. City of Bakersfield*, No. 1:23-cv-00208-ADA-CDB, 2023 WL 2760906, at *2 (E.D. Cal. Apr. 3, 2023) (considering same and finding stay appropriate); *Lute v. Silva*, No. 1:20-cv-01122-CDB, 2024 WL 402809, at *2-4 (E.D. Cal. Feb. 2, 2024) (considering similar and finding stay appropriate); *see also Peyton v. Burdick*, 358 F. App'x 961, 962 (9th Cir. 2009) (vacating judgment and remanding for district court to stay § 1983 action where claims implicated potential rulings in pending state court criminal proceedings).

Harris's assertions that he waived his Fifth Amendment self-incrimination rights during the prison's administrative processes, and that he will waive those rights in this proceeding, do not make the magistrate judge's consideration of the potential for self-incrimination clearly

erroneous or contrary to law.

Next, in *Heck v. Humphrey*, the Supreme Court held that

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed . . . . But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. 477, 486–87 (1994). "*Heck* says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (cleaned up and citation omitted), *distinguished on other grounds by Lemos v. County of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022); *Ramirez v. City of Bakersfield*, No. 1:19-cv-01413-DAD-JLT, 2020 WL 5763828, at *4 (E.D. Cal. Sept. 28, 2020) ("This action should also be stayed in order to preserve defendants' right to bring a motion to bar plaintiffs' claims in this civil rights action under *Heck*.").

Because defendants may have a defense pursuant to *Heck*, the magistrate judge properly considered its *potential* applicability. The finding is not "untenable," as Harris alleges, because a determination as to whether the *Heck* bar applies in this action cannot be made until the criminal proceedings are concluded. In that sense, defendants' ability to assert a potentially viable defense is protected by a stay of the proceedings, as is Harris's right to proceed with his lawsuit—pending the outcome of the criminal proceedings—were a *Heck* bar inapplicable. While Harris argues that the stay of his federal action is unwarranted because the state court approved him for mental health diversion and his state criminal case is therefore not proceeding at present, Harris's criminal case remains open in the Kings County Superior Court pending Harris's successful completion of his mental health diversion treatment plan. While the ultimate resolution of Harris's state criminal case has been delayed by Harris's election to proceed to mental health diversion, that does not undermine the magistrate judge's determination that a stay is warranted in Harris's federal civil case pending the resolution of his state case.

The Court is not persuaded by Harris's arguments that he is prejudiced by the stay of these proceedings or that judicial economy warrants a lifting of the stay. At bottom, Harris's motion "must show more than a disagreement with the Court's decision," nor does it set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986*), aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

It is "common practice" when pending civil and criminal actions stem from the same incident "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 394 (2007). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). This is true even if the issues in such proceedings are not necessarily controlling with respect to the action before the court. *Id*.

In sum, the magistrate judge's January 10, 2024, order staying this action pending resolution of criminal proceedings in the Kings County Superior Court is neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P 72(a).

## IV.    CONCLUSION AND ORDER

Accordingly, for the reasons given above, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (Doc. 36) is DENIED.

IT IS SO ORDERED.

Dated:   June 26, 2024

UNITED STATES DISTRICT JUDGE