UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. ARDEN, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00818-KES-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br><br>(Doc. 54)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Devonte B. Harris is a state prisoner proceeding pro se in this civil rights action. This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Arden, Gamboa, Garcia, Pasillas and Perez, and First Amendment retaliation claims against Defendants Arden, Gamboa, Garcia and Pasillas.

## I.    INTRODUCTION

On March 9, 2026, Plaintiff filed his "Motion for an Injunction Ordering Kern Valley State Prison to Provide Access to his Stored Legal Materials." (Doc. 54.) In that motion, Plaintiff contends that since his transfer to Kern Valley State Prison, he has been permitted seven cubic feet in his cell within which to store legal materials. Four of Plaintiff's nine boxes of legal materials are stored in his cell; the remaining boxes are stored elsewhere in the facility. Plaintiff states he is entitled to access the materials "once per week on a box-for-box exchange basis," but prison staff have not provided access for "well over a year." (*Id*. at 1.) Plaintiff states he did not

have "a pressing need" for previous access, but now that the previously imposed stay has been lifted, he needs access. (*Id.* at 2.) He states he is unable to effectively litigate this case without the materials. (*Id.*) Further, asserting that critical and exigent circumstances exist, Plaintiff contends "the presiding judge has set a 'firm' trial date" and thus he needs access "to all the documents related to this case to prepare and present evidence." (*Id.* at 3.) Citing to the All Writs Act, Plaintiff asserts he has a constitutional right to access the courts and that he "has established and [*sic*] indisputable legal rights which KVSP staff are violating and injunctive relief is necessary to rectify this." (*Id.*)

The Court finds a response by Defendants is unnecessary.

## II.    DISCUSSION

### Applicable Legal Standards

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote & citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler v. Haas*, No. 2:15-CV-2266 JAM AC P, 2019 WL 11880444, at *2 (E.D. Cal. Mar. 22, 2019); *see Lopez v. Cook*, No. 2:03-CV-1605 KJM DAD, 2014 WL 1488518, at *2-4 (E.D. Cal. Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations & internal quotation marks omitted).

Analysis

First, the Court observes that Kern Valley State Prison (KVSP) and its officials or employees are not parties to this action. Plaintiff's claims involve correctional staff employed at California State Prison, Corcoran.

Next, the Court notes Plaintiff's assertion that "the presiding judge has set a 'firm' trial date" necessitating his access "to all the documents related to this case to prepare and present evidence" is erroneous. This action has *not* been set for trial. In fact, the scheduling order was issued less than two months ago and the deadline for the completion of discovery is set for September 29, 2026. (*See* Doc. 50.)[1]

Further, although Plaintiff asserts KVSP officials have denied him access to his materials for "well over a year," the Court is aware that Plaintiff has previously "acknowledge[d] that he 'did finally get to access his legal property'" while housed at KVSP. *See Harris v. Coleman*, No. 1:20-cv-00759-KES-SKO (PC), 2024 WL 4556760, at *3 (E.D. Cal. Oct. 23, 2024).[2] Notably too, while asserting he is entitled to access his legal materials, it is unclear whether Plaintiff has specifically requested access via a "box-for-box exchange." He offers no details concerning the date or dates he requested such access and offers no documentation in support of his motion. *See, e.g.*, *Villery v. Jones*, No. 1:15-cv-1360-DAD-HBK, 2021 WL 5587638, at *2 (E.D. Cal. Nov. 30, 2021) (denying request for order under All Writs Act and noting "Plaintiff does not provide a single inmate grievance or inmate form submitted to prison officials requesting copies be made of his responses in opposition or requesting access to the law library to make such copies. … Nor does Plaintiff provide written forms from correctional officials denying his requests for copies or library access").[3] For those reasons, the Court cannot conclude there exist critical or exigent circumstances warranting the relief requested. Other than vague and conclusory assertions that he

---

[1] This matter is set for a settlement conference on April 16, 2026, before Magistrate Judge Jeremy D. Peterson. (*See* Doc. 51.)

[2] *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases").

[3] The Court queried its CM/ECF system and found that Plaintiff has three other actions pending in this division: 1:21-cv-00800-JLT-FRS, *Harris v. Diaz*; 1:24-cv-00176-JLT-CDB, *Harris v. Burns*; and 1:25-cv-01347, *Harris v. Bushar*.

3

is unable to effectively litigate this case without his legal materials, the information provided is insufficient to conclude that KVSP officials are "impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler*, 2019 WL 11880444, at *2.

Finally, to the extent Plaintiff declares that he intends to move to file an amended complaint (*see* Doc. 54 at 1 ["I now have present and complete causes of action for federal malicious prosecution and deliberate fabrication of evidence" and "intend to amend my complaint to state these claims"]), the Court notes that the deadline for filing amended pleadings is April 29, 2026 (*see* Doc. 50). Plaintiff may elect to resubmit his motion for injunctive relief with more detailed information and supporting documentation prior to that deadline.[4]

In sum, as discussed above, Plaintiff has not shown the presence of critical and exigent circumstances justifying the sparing use of injunctive relief permitted under the All Writs Act. *Brown*, 533 U.S. at 1303.

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, the Court **HEREBY RECOMMENDS** that Plaintiff's motion for an injunction (Doc. 54) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time

---

[4] Should this matter not settle in mid-April (*see* fn. 1), Plaintiff may wish to seek a modification of the deadline to amend pleadings.

4

may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **March 11, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

5