UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>                    Plaintiff,<br><br>          v.<br><br>D. ARDEN, et al.,<br><br>                    Defendants. | Case No. 1:21-cv-00818-KES-CDB (PC)<br><br>**ORDER DIRECTING CLERK OF THE COURT TO PROVIDE PLAINTIFF WITH CERTAIN COPIES AS A ONE-TIME COURTESY**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S SECOND MOTION FOR INJUNCTIVE RELIEF**<br><br>(Doc. 56)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Devonte B. Harris is a state prisoner proceeding pro se in this civil rights action.

**I.     BACKGROUND**

On March 9, 2026, Plaintiff filed a "Motion for an Injunction Ordering Kern Valley State Prison to Provide Access to his Stored Legal Materials." (Doc. 54.)

On March 11, 2026, the Court issued Findings and Recommendations to Deny Plaintiff's Motion for Injunctive Relief. (Doc. 55.)

On March 26, 2026, Plaintiff filed his second motion seeking injunctive relief related to his stored legal materials. (Doc. 56.)

Once again, the Court finds a response by Defendants unnecessary.

## II.    DISCUSSION

### *Plaintiff's Motion*

Plaintiff declares a settlement conference is set for April 16, 2026, in this matter. (Doc. 56 at 1.) He states that criminal proceedings "which were previously subject of a stay" have resolved in his favor, therefore, he now has "complete and present causes of action for federal malicious prosecution of evidence." (*Id.*) Plaintiff contends Defendants brutally assaulted him, fracturing his jaw and knocking out teeth, while he was handcuffed behind his back. (*Id.*) Then Defendants "caused 4 false retaliatory criminal charges by fabricating reports to the DA," resulting in Plaintiff facing a sentence of 25-years-to-life "on each charge" because he has "a 'super strike' commitment offense." (*Id.*) Plaintiff states he intends to amend his complaint immediately "if a 6 figure settlement isn't reached" at the settlement conference but does not "currently possess the operative complaint in order to prepare for settlement conference or work on my amendment" because it is in his stored legal material. (*Id.*)

Plaintiff further declares that in July 2023, he arrived at Kern Valley State Prison (KVSP) from California State Prison, Corcoran, with 12 boxes of legal property, subsequently reduced to 9 boxes. (Doc. 56 at 1.) KVSP limits him to 7 cubic feet of storage in his cell and thus Plaintiff has 4 of the 9 boxes; KVSP staff stored the remaining 5 boxes. (*Id.*) Plaintiff declares that although he is entitled to access his legal materials "once per week on a box-for-box basis," KVSP staff has not provided access in over one year. (*Id.*) Plaintiff "filed a grievance on the matter which staff have never responded to [Exhibit A[1]]," that he filed "a similar injunction" in another matter pending in this court "which prompted staff to provide one time access" in late September 2024, and that he filed another grievance believing one box of materials was missing, receiving a response from officials that a schedule would be worked out, but that "never transpired [Exhibit B][2]." (*Id.* at 1-2.)

[1] Exhibit A, Log No. 528174, is dated February 27, 2024, and was received by KVSP on March 1, 2024. (Doc. 56 at 5-8.)

[2] Exhibit B, Log No. 632338, is dated September 29, 2024, and was responded to by KVSP on November 20, 2024. (Doc. 56 at 11-13.)

2

Next, Plaintiff declares he filed a reasonable accommodation request, seeking appointment of an Inmate Advisory Council representative "so issues like this could be informally resolved with staff." (Doc. 56 at 2.) The request "was never responded to [Exhibit C[3]]." (*Id.*)

Further, Plaintiff declares Defendants have submitted objections and "nonresponses" to his request for production of documents requiring him to file a motion to compel.[4] (Doc. 56 at 2.) Additionally, Plaintiff states Defendants have served a discovery request related to the exhaustion of his administrative remedies,[5] but he "cannot respond because [the] grievance relative to this matter is also in [his] stored legal materials." (*Id.*) Plaintiff declares he is unable to litigate this action effectively without weekly access to his legal materials. (*Id.*)

### *Applicable Legal Standards*

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote & citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler v. Haas*, No. 2:15-CV-2266 JAM AC P, 2019 WL 11880444, at *2 (E.D. Cal. Mar. 22, 2019); *see Lopez v. Cook*, No. 2:03-CV-1605 KJM DAD, 2014 WL 1488518, at *2-4 (E.D. Cal. Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two

---

[3] Exhibit C, Log No. 814201, is dated October 3, 2025, was received by prison officials that same date. (Doc. 56 at 15-16.)

[4] The current deadline for filing a motion to compel is September 29, 2026. (Doc. 50 at 2.)

[5] The current deadline for filing a motion for summary judgment for a failure to exhaust administrative remedies is May 29, 2026. (Doc. 50 at 2.)

contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations & internal quotation marks omitted).

### *Analysis*

In recommending Plaintiff's previous motion be denied, this Court stated, "it is unclear whether Plaintiff has specifically requested access via a 'box-for-box exchange.' He offers no details concerning the date or dates he requested such access and offers no documentation in support of his motion." (*See* Doc. 55 at 3.) Therefore, the Court "[could] not conclude there exist critical or exigent circumstances warranting the relief requested. Other than vague and conclusory assertions that he is unable to effectively litigate this case without his legal materials, the information provided is insufficient to conclude that KVSP officials are 'impeding the prisoner-plaintiff's ability to litigate his pending action.'" (*Id*. at 3-4) (quoting *Hammler*, 2019 WL 11880444, at *2.)

Here, the Court once again finds Plaintiff has not established critical or exigent circumstances exist warranting the relief requested. Exhibit A to Plaintiff's motion concerns circumstances existing more than two years ago. Exhibit B concerns circumstances existing approximately 17 months ago. The Court finds neither establish critical or exigent circumstances.

Exhibit C, a reasonable accommodation request seeking the "proper appointment of inmate advisory council members," submitted about six months ago and indicating that "R&R staff [are] storing [his] excess legal property but refusing to give [him] the required access to make a box-for-box exchange every week," does not persuade the Court that Plaintiff has established a critical and exigent circumstance. Notably, Plaintiff's declaration does not indicate he has made a recent request, or any request since October 2025, for access on a box-for-box exchange basis to his legal materials. Plaintiff's evidence does not demonstrate that "non-party correctional officials are impeding" his present ability to litigate this action. *Hammler*, 2019 WL 11880444, at *2. Simply put, it is not "indisputably clear" that Plaintif's rights are at issue and the Court is mindful that "injunctive relief under the All Writs Act is to be used sparingly and only in

the most critical and exigent circumstances." *Brown*, 533 U.S. at 1303.

Moreover, a review of CM/ECF reveals Plaintiff has three other open cases in this district, although those actions do not appear to involve imminent deadlines such that it is clear Plaintiff's inability to possess more than four boxes of his legal materials is affecting his ability to effectively litigate this action. More specifically, in *Harris v. Diaz*, No. 1:21-cv-800-JLT-FJS, Defendant's pending merits-based summary judgment motion was fully briefed as of May 29, 2024. In *Harris v. Burns, et al.*, No. 1:24-cv-1176-JLT-CDB, a scheduling order issued February 13, 2026, and no motions are pending. Lastly, in *Harris v. Bushar*, No. 1:25-cv-1347, Plaintiff's original complaint has not yet been screened.

The Court will recommend Plaintiff's motion be denied. It will, however, direct the Clerk of the Court to provide Plaintiff with a copy of the operative complaint, screening order, and the order holding that this action proceeds only on Plaintiff's Eighth Amendment excessive force claims against Defendants Arden, Gamboa, Garcia, Pasillas, and Perez, and First Amendment retaliation claims against Defendants Arden, Gamboa, Garcia and Pasillas, *as a one-time courtesy*, to assist Plaintiff in preparing for the settlement conference scheduled for April 16, 2026, and to assist him in preparing any intended motion for leave to file an amended complaint before the deadline set forth in the scheduling order.

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to provide Plaintiff with copies of the first amended complaint (Doc. 7), screening order (Doc. 11), and the Order Adopting Findings and Recommendations to Dismiss Claims and Defendants (Doc. 14), as a one-time courtesy.

Further, for the reasons stated above, the Court **HEREBY RECOMMENDS** that Plaintiff's motion for an injunction (Doc. 56) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 1, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

6